IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JERRY PRYOR                                                                                              PLAINTIFF

V.                                    CASE NO. 4:19-CV-00233 JM

UNION PACIFIC RAILROAD
COMPANY, *et al.*                                                                                     DEFENDANTS

## ORDER

Pending are Defendants' separate motions for summary judgment and Plaintiff's motion to modify the scheduling order. At the heart of each motion is the fact that Plaintiff missed the agreed deadline to disclose his experts.

### Background Facts

This is an action arising out of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.*, and the Locomotive Inspection Act, 49 U.S.C. § 20701. Plaintiff filed his complaint on April 5, 2019 seeking to hold Defendants responsible for his bladder cancer and leukemia he alleges was caused by his exposure to toxic substances and carcinogens in his workplace over his forty-eight-year railroad career. An initial scheduling order was entered on June 28, 2019, setting this case for trial the week of June 29, 2020, with the Rule 26(f) report due by September 4, 2019. The joint Rule 26(f) report proposed changes in the timing for expert disclosures and requested that the proposed changes be incorporated into the Court's final scheduling order. The timing proposed for expert disclosures was as follows:

Deadline for Plaintiff's Expert Disclosures: 120 days before the discovery deadline.

Deadline for Defendants' Expert Disclosures: 60 days before the discovery deadline.

Deadline for Rebuttal Expert Disclosures: 37 days before the discovery deadline.

(Doc. No. 10). The Rule 26(f) report also requested a discovery deadline of 90 days prior

to the trial date. Citing the need for "extensive expert discovery and testimony on behalf of all parties," the parties requested a trial date during the week of November 16, 2020.

The Court entered a final scheduling order with the requested trial date and an August 10, 2020 discovery deadline. On March 25, 2020, Plaintiff filed an Unopposed Motion for Extraordinary Relief (Doc. No. 14), requesting a 90-day enlargement of the final scheduling order "[d]ue to the ongoing COVID-19 outbreak." Plaintiff also stated that he had "limited ability to work remotely" and that he intended to seek the deposition of Union Pacific's industrial hygienist and American Midland's Rule 30(b) representative. The parties requested a new trial date sometime in February of 2021, with corresponding changes in the discovery and motion deadlines.

The Court granted the requested relief and on March 26, 2020 entered an amended final scheduling order setting this case for trial the week of February 22, 2021. (Doc. No. 18). The discovery cutoff was reset to November 16, 2020. While the dates proposed by the parties for the expert disclosures was not explicitly referenced in the amended final scheduling order, the parties agree that those dates were incorporated into the order and that they were bound by those dates. Plaintiff's expert disclosures were therefore due on July 19, 2020—120 days before the November 16, 2020 discovery deadline.

Plaintiff failed to disclose any experts by that date. On August 22, 2020, Arkansas Midland Railroad Company, Inc. (AMR) filed a motion for summary judgment on the basis that Plaintiff lacked the required expert testimony to establish the causal connection between Plaintiff's injuries and his alleged work exposures to toxic substances and carcinogens. Union Pacific Railroad Company (Union Pacific) followed suit on August 26,

2020.[1]  Also on August 26, 2020, Plaintiff submitted belated Rule 26 expert disclosures, identifying Dr. Theron Blickenstaff as a medical expert and Hernando Perez, PH.D. as his liability expert.  These disclosures came thirty-eight days after the deadline for Plaintiff to disclose his experts.

In his motion to modify the scheduling order filed on September 9, 2020, Plaintiff states that "[a]t the time the Court granted [Plaintiff's earlier motion seeking a 90 day extension of the scheduling order], Plaintiff's Counsel's office was closed due to the Covid-19 crisis and the attorney's and staff of the office was relegated to working from their homes."  As a result, Plaintiff says the Court's August 26, 2020 amended final scheduling order was "mis-logged into the firm's calendar as having the experts due 90 days from trial."   He asks the Court to allow the parties to confer on new deadlines.  As evidence of the error in calendaring the deadline, Plaintiff cites to an email from his counsel to defense counsel sent on August 21, 2020 in which his counsel asserted that "[m]y expert reports are due on Monday [August 24].  May I have a one week extension until the 31st?" (Doc. No. 31-1).[2]  As shown above, his request was met with a motion for summary judgment.

Standard to Modify a Scheduling Order

Rule 16(b) of the Federal Rules of Civil Procedure requires a district judge to issue a scheduling order and governs the content and timing of the order.  The parties acknowledge that the scheduling order in this case incorporated the parties' Rule 26(f)

---

[1] Rather than moving to adopt AMR's motion for summary judgment, Union Pacific chose to replicate it.
[2] As pointed out by Defendants, it is unclear where the erroneous August 24 deadline originated; it is not 90 days (or 120) from the February 21, 20 trial date or from the November 16, 2020 discovery deadline.

stipulations as to the timing of expert disclosures as discussed above.  Subdivision (b)(4) of Rule 16 provides that a schedule "may be modified only for good cause and with the judge's consent."  The Eighth Circuit has outlined the scope of the good-cause inquiry required under Rule 16(b) as follows:

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001).

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008).  See also *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) ("To establish good cause, a party must show its diligence in attempting to meet the progression order.")

<u>Analysis</u>

Plaintiff has failed to establish that he was diligent in attempting to meet the agreed expert disclosure deadlines incorporated into the amended final scheduling order.  Plaintiff's counsel forthrightly admits that the deadline was missed due to a calendaring mistake.  Once he realized the mistake, counsel promptly acted to rectify it.  Plaintiff does not cite to any authority to support his argument that a mistake in calendaring can co-exist with diligence expended in attempting to meet the scheduling deadlines.  As stated in a recent district court opinion out of Maryland, "[l]ack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  *Brightview Grp., LP v. Teeters*, No. CV SAG-19-2774, 2020 WL 4019172, at *5 (D. Md. July 16, 2020) (internal citations and quotations omitted).

Without a showing of diligence, the Court's inquiry ends.  The Court acknowledges that

this is a harsh result for a mistake in calendaring. But to grant Plaintiff the relief he seeks would require the Court to shift all the deadlines in this case, including the thrice-reset trial date. Furthermore, Defendants have both filed motions for summary judgment that would be rendered moot if the deadlines were extended as Plaintiff requests. The Court is, of course, mindful of the changes in practices and the pressures caused by the global COVID-19 pandemic. However, "mere reference to the pandemic is not a golden ticket that provides the movant admission into the chocolate factory," *Swenson v. GEICO Cas. Co.*, ––– F.R.D. ––––, 2020 WL 4815035, at *3 (D. Nev. Aug. 19, 2020). For these reasons, Plaintiff's motion to modify the scheduling order is denied.

Defendants both move for summary judgment on the sole ground that absent expert testimony, Plaintiff cannot establish causation. "To prove a FELA negligence claim, a plaintiff must prove the common law elements of negligence." *Miller v. Union Pac. R.R. Co.*, No. 19-2536, 2020 WL 5032459, at *6 (8th Cir. Aug. 26, 2020). As to proof of causation, "[t]he test for minimally adequate proof of causation is "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury...." *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 506 (1957). In cases where "the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn." *Moody v. Maine Cent. R. Co.*, 823 F.2d 693, 695–96 (1st Cir. 1987) (quoting W.P. Keeton, *The Law of Torts* 269 (5th ed. 1984) (footnotes omitted). "To prove causation in a toxic tort case, a plaintiff must show both general causation, "that the alleged toxin is capable of causing injuries like that suffered by the plaintiff in human beings subjected to the same level of exposure as the plaintiff;" and specific causation, that the toxin was a cause of the plaintiff's injury. *Byrd v. Union Pac. R.R. Co.*, No. 8:18CV36,

2020 WL 1848496, at *4 (D. Neb. Apr. 13, 2020) (quoting *Mattis v. Carlon Elec. Prod.*, 295 F.3d 856, 860 (8th Cir. 2002)).

In this case, Plaintiff alleges that he contracted bladder cancer and leukemia as a result of his exposure to toxic substances and carcinogens in his workplace at both Defendant railroads over his forty-eight-year railroad career. Expert testimony is clearly required to establish the element of causation (as Plaintiff recognizes). With the denial of Plaintiff's motion to modify the scheduling order to allow his untimely disclosure of proposed experts, both Defendants are entitled to summary judgment on the claims against them.

Therefore, Plaintiff's motion modify (Doc. No. 29) is DENIED. Defendants' motions for summary judgment (Doc. Nos. 19 and 26) are GRANTED.

DATED this 30th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE